IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CATHY ANN BAXLEY, Individually and as Personal Representative of the Estate of Jimmie Williams,<br><br>           Plaintiff,<br><br>v.<br><br>ADVANCE AUTO PARTS, INC. Corporate Successor to WESTERN AUTO PARTS, INC., A Delaware Corporation ET AL.<br><br>           Defendants. | C.A. No. 3:10-cv-02985-JMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff Cathy Ann Baxley's ("Plaintiff") Motion for Expedited Consideration of Motion for Remand [Doc. # 16] and Plaintiff's Motion for Remand [Doc. # 6] requesting the court to remand this case to the Court of Common Pleas for Richland County, South Carolina for further proceedings. The court grants Plaintiff's Motion for Expedited Consideration of Motion for Remand [Doc. # 16] and denies Plaintiff's Motion for Remand [Doc. # 6].

**FACTUAL AND PROCEDURAL HISTORY**

In November 2009, Plaintiff, as the personal representative of the Estate of Jimmie Williams, filed a ten-count Complaint in the Court of Common Pleas for Richland County, South Carolina, asserting various products liability-related claims against almost 60 defendants, including Defendant Reliance Electric Company ("Reliance" or "Removal Defendant"). Reliance asserts that Plaintiff's

Complaint did not contain any allegation directed to where or when Williams used, or worked with or around a Reliance manufactured product, but merely alleged generally that each defendant, among other things, manufactured or otherwise caused Williams to be exposed to asbestos-containing products that ultimately caused his death.

Reliance claims that it was not until Plaintiff served her responses to interrogatories that Reliance learned that Plaintiff's claims may have been related to Williams's work at naval shipyards. As a result of this information, on November 16, 2010, Reliance filed a Notice of Removal asserting as grounds for removal federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) and 28 U.S.C. § 1446 based on Reliance's assertion of the government-contractor defense. Plaintiff filed this Motion for Remand shortly thereafter.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. The party invoking federal jurisdiction has the burden of demonstrating that jurisdiction is proper. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199-200 (4th Cir. 2008). Congress intended to "restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).

## DISCUSSION

Plaintiff asserts that remand is appropriate because the Notice of Removal substantively fails to support removal of this action based upon federal officer jurisdiction pursuant to 28 U.S.C. §

1442(a)(1). Specifically, Plaintiff alleges that the Notice is facially deficient because it a) fails to demonstrate that Reliance acted under the direction of a federal officer in failing to warn of the hazards of asbestos in its motors and related equipment aboard Navy vessels; b) fails to demonstrate that Reliance has a colorable federal defense to Plaintiff's failure to warn products liability clams; and c) fails to show a casual nexus between Plaintiff's failure to warn products liability claims and Reliance's acts or omissions under the color of federal office.

Under 28 U.S.C. § 1442, a party may remove actions against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued ... for any act under color of such office." The statute is intended to protect the federal government and its officers from interference with its operations by containing such actions to a federal forum. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 149 (2007). To qualify for removal, a defendant must show a colorable federal defense and establish that the alleged act took place under color of office. To satisfy the latter requirement, the officer must show a nexus, or a "'causal connection' between the charged conduct and asserted official authority." *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999) (internal citations omitted).

In this case, Reliance claims that it included asbestos in its products only upon the direction of Navy officials and that it warned the Navy of all hazards known to Reliance but not to the Navy. See Notice of Removal at ¶ 16 (citing Thomas F. McCaffery Aff. at ¶¶ 13, 16 and Peter J. Tsivitse Aff. at ¶¶ 5, 6, 7, 11) (averring that Reliance motor products did not contain asbestos unless mandated by government regulation or order, or military specification). Reliance's representations regarding its dealings with the Navy are sufficient to make its government contractor defense colorable. *See  Boyle v. United Technologies Corp.,* 487 U.S. 500, 512 (1988) (the "government

contractor defense" shields contractors from tort liability for products manufactured for the United States in accordance with specifications, if the contractor warned the United States about any hazards known to contractor but not to the government). Further, Reliance's claims regarding its use of asbestos at the direction of the Navy shows an adequate causal connection between the alleged wrongful conduct and the alleged official authority to sustain removal under 28 U.S.C. § 1442.

Plaintiff makes significant arguments regarding the merits of Reliance's claims. However, Reliance need not show that it will be successful in its defense, but only that its defense is colorable. *See Mesa v. California*, 489 U.S. 121, 129 (1989) (it is sufficient to allege only a colorable defense under federal law, not whether the defense has merit). Accordingly, the court finds that removal was proper in this case.

Plaintiff also raises the timeliness of Reliance's removal as a basis for remand in her motion, but Plaintiff devotes no portion of her memoranda to this issue.[1] However, based on the limited statements of the parties, the court finds that Reliance filed its Notice in a timely manner. It is well settled that a Notice of Removal must be filed by a defendant within thirty days after the complaint in state court is served or within thirty days after the defendant's reciept, " through service or otherwise, of a copy of an amended pleading, motion, order or *other paper from which it may first be ascertained* that the case is one which is or has become removable." See 28 U.S.C. § 1446 (emphasis added). Reliance maintains that it first ascertained the removability of the case after receiving Plaintiff's responses to interrogatories in November 2010 wherein Plaintiff indicated that

---

[1]As a general rule, motions must be supported by a memorandum setting forth the factual and legal bases for the relief sought. See Local Civil Rule 7.04. Without a supporting memorandum, the court has difficulty determining the basis for the party's request for relief. Having failed to file a supporting memorandum as required by the Local Rules, the court could decline to address Plaintiff's request that the case be remanded because of the untimely filing of the Notice of Removal.

Williams may have been exposed to asbestos on Naval ships. Reliance removed the matter shortly thereafter, within the one-year window for removal under the statute. Plaintiff does not dispute Reliance's claim or otherwise provide evidence that Reliance should have removed the case eariler. Therefore, the court finds Reliance's Notice of Removal timely.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion for Remand [Doc. # 6].

**IT IS SO ORDERED.**

s/ J. Michelle Childs<br>United States District Judge

Greenville, South Carolina
February 9, 2011